Law Office of Phillip A. Austin
Attorney at Law
215 N. Robson Street
Mesa, AZ 85201
Telephone: (480) 644-0506
Fax: (480) 644-9256
Bar No. 5694
Attorney for: Plaintiff, Maria Garfias-Delgado

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Maria Garfias-Delgado,
    Plaintiff,
vs.
Southwest Key Program, Inc., a Texas Corporation,
    Defendant.

No:
COMPLAINT
42 USC § 2000 et. seq.,
Arizona's Fair Wages and Healthy Families Act Violation
(Jury Trial Requested)

I.   PRELIMINARY STATEMENT:

1. This is an action seeking injunctive relief and compensatory and punitive damages for injuries suffered by Plaintiff Maria Garfias-Delgado ("Plaintiff") for gender, pregnancy discrimination and retaliation, and other misconduct, which is brought by Plaintiff against Defendant Southwest Key Program, Inc. ("Defendant"), a Texas Corporation, pursuant to Title VII of the U.S. Civil Rights Act of 1964, amended 1991, 42 U.S.C. 2000e, (42 U.S.C. § 1981(a) and the Fair Wages and Healthy Families Act, ARS 23-374.

II.   JURISDICTION:

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§1331 and 1345.

3. This action is also brought pursuant to the laws of the State of Arizona. This court has jurisdiction over the state law claims pursuant to the doctrine of pendant jurisdiction.

III.   VENUE

4. Venue is proper because all claims arose in this judicial district.

IV.     PARTIES

5.     Plaintiff, a Hispanic female, at all-time material herein, has been a resident of Maricopa County, Arizona and was employed with Defendant.

6.     Defendant, is an Arizona corporation, with its place of business located in Maricopa, Arizona, within the jurisdiction of this Court, where it is engaged in the business of providing alternatives to incarceration and immigrant children shelters and an employer subject to the proscriptions and remedial provisions of Title VII of the U.S. Civil Rights Act of 1964 as amended 1991, and the laws of the State of Arizona.

7.     At all times material herein, Defendant employed and is employing, at least fifteen employees in and about its operation which provided services which affect the flow of commerce within and outside the State of Arizona.

V.      FACTS

8.     Plaintiff began her employment with Defendant on October 17, 2016.

9.     On October 17, 2016, Maria Garfias-Delgado began her employment with Defendant as a Youth Care Worker. Her work performance was always satisfactory.

10.    On January 23, 2017, Ms. Garfias-Delgado informed Shift Leader Karla Estrada of her pregnancy. Soon thereafter, on February 15, 2017, Ms. Garfias-Delgado also informed Shift Supervisor Isaac Espinoza of her pregnancy.

11.    On July 01, 2017, after Ms. Garfias-Delgado visited her doctor, she provided Shift Supervisor Jose Islas, with a doctor's note indicating that Ms. Garfias-Delgado was restricted from lifting more than 10 pounds.

12.    Mr. Islas instructed Ms. Garfias-Delgado not to clock in until she checked with Program Director Maria Rios. Ms. Rios upheld Mr. Islas' instruction prohibiting Ms. Garfias-Delgado from clocking in and stated they needed more information.

13.    On July 5, 2017, Ms. Garfias-Delgado received a phone call from Defendant's Human Resources Shamika Wilson who indicated she would be sending documentation for Ms. Garfias-Delgado's doctor to fill out via Fed Ex.

14. Ms. Garfias-Delgado's doctor faxed the completed documentation to Ms. Wilson. In the documentation Ms. Garfias-Delgado's doctor identified an additional accommodation stating "minimally every 2hrs a 15 min. break, during this time frame she can use the restroom. Hydrate and have a healthy snack for the pregnancy."

15. On July 2, 2017, Ms. Wilson and Sub-Director Alexander Gonzales called to inform Ms. Garfias-Delgado that they did not have a position which could accommodate her.

16. Ms. Garfias-Delgado disputes SW Key's reason and requested that they change the normal rotation of her duties to accommodate Ms. Garfias-Delgado, or provide leave. She could have continued with her current duties with the additional breaks.

17. Ms. Garfias-Delgado believes and alleges that SW Key's decision to terminate her constituted discrimination against her because of her sex, pregnancy and was in retaliation for requesting for such leave, in violation of the Arizona Fair Wages and Healthy Families Act.

18. The above described discrimination and retaliation has caused Plaintiff extreme emotional distress, exacerbating her condition and causing her to seek medical treatment.

19. Defendant's discriminatory and retaliatory conduct and the harassment described above had a substantial negative impact on Plaintiff's opportunity to progress in her employment with the Defendant, obtain other employment, and detrimentally impacted Plaintiff's mental health and general well-being and caused extreme emotional distress.

20. The conduct of Defendant as described above, intentionally discriminated against Plaintiff based upon her sex recklessly disregarded and grossly violated Plaintiff's clearly established rights under Title VII of the U. S. Civil Rights Act of 1964, as amended in 1991 and ARS 23-374.

21. Based on the discriminatory conduct of Defendant as described above, Plaintiff timely filed charges of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). (EEOC Charge No. 34A-2017-00497) Plaintiff received her right to sue letter from the EEOC and timely commenced this action within ninety days of his receipt of that letter. (A copy of Plaintiff's EEOC Charge and Notice of Right to Sue are attached and incorporated as Exhibits 1 and 2)

## VI. CAUSES OF ACTION

### A. First Cause of Action – Violation of Title VII of the U. S. Civil Rights Act– Sex Discrimination

22. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-21 as if fully set forth herein.

23. Defendant's harassment and wrongful conduct against Plaintiff as set forth above constitute discrimination on the basis of gender and pregnancy.

24. Such discrimination on the basis of Plaintiff's gender is in violation of Title VII of the U. S. Civil Rights Act of 1964 as amended 1991.  42 U.S.C. §2000e, §1981a.

25. Plaintiff was injured by Defendant's actions as herein above alleged.

26. Plaintiff is entitled to an award of lost wages, compensatory damages, punitive damages and attorney's fees/costs.

### B. Second Cause of Action-Violation of Title VII of the U. S. Civil Rights Act – Retaliation

27. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-21 as if fully set forth herein.

28. Defendant's wrongful conduct as set forth above constitutes retaliation.

29. Such retaliation is in violation of the U. S. Civil Rights Act of 1964 as amended1991, 42 U.S.C. §2000e, §1981(a).

30. Plaintiff was injured by Defendant's actions as herein above alleged.

31. Plaintiff is entitled to an award of lost wages, compensatory damages, punitive damages and attorney's fees and costs.

C. Third Cause of Action-Violation of ARS 23-374 Arizona's Fair Wages and Healthy Families Act

27. All allegations previously asserted are incorporated herein by reference.

28. Defendants' termination of Plaintiff constitutes a violation of ARS 23-374.

29. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered substantial damage and loss, including lost wages and benefits, nominal, consequential, compensatory and punitive damages in amounts to be proven at trial.

30. Plaintiff is entitled to her reasonable attorney's fees and costs incurred in the prosecution and collection of this action.

31. Plaintiff is entitled to receive an award of $150.00/day from Defendant for violation of this section.

VII. RELIEF SOUGHT

Plaintiff requests this Court to enter Judgment against Defendant as follows:

A. A judgment declaring that the conduct of Defendant, as described above, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U. S. C. § 2000e, 42 U.S.C. 1981(a).

B. A judgment declaring that Defendant's conduct against Plaintiff violated her rights pursuant to Arizona's Fair Wages and Healthy Families Act ARS 23-374.

C. A preliminary and permanent injunction against Defendant prohibiting them from committing similar unlawful acts in the future.

D. A judgment awarding Plaintiff nominal damages against Defendant, jointly and severally, in an amount $1.00.

E.  A judgment awarding Plaintiff lost wages, past and future, and compensatory damages against Defendant in an amount to be determined at trial.

F.  A judgment awarding Plaintive punitive damages against Defendant in an amount to be determined at trial.

G.  A judgment awarding Plaintiff $150.00/day from the date of the retaliatory act of termination for violation of the Arizona Fair Wages and Healthy Families Act.

H.  A judgment awarding Plaintiff her reasonable costs and attorney's fees against defendants, jointly and severally, pursuant to 42 U.S.C. §2000a-3(b) or 42 U.S.C. §1988 and any other applicable law.

I.  A judgment awarding Plaintiff all other relief that is just and appropriate under the circumstances.

K.  For such other relief as the Court deems proper.

L.  Jury trial is requested.


DATED this 6th day of December, 2018.

       s/Phillip A. Austin
       Phillip A. Austin
       Attorney for Plaintiff Maria Garfias-Delgado
       215 N. Robson
       Mesa, AZ 85201